Jared R. Casper (8160)
Rachel M. Lewis (11199)
ROBERT J. DeBRY & ASSOCIATES
134 North 200 East, Suite 302
St. George, Utah 84770
Telephone:  (435) 656-0198
jcasper@robertdebry.com
rlewis@robertdebry.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH,
### CENTRAL DIVISION (SOUTHERN REGION)

| | |
|---|---|
| ARLENE S. DAVENPORT,<br><br>            Plaintiff,<br>    vs.<br><br>THE UNITED STATES POSTAL SERVICE, an agency of THE UNITED STATES OF AMERICA, and DOES I-X,<br><br>            Defendants. | **C O M P L A I N T**<br><br><br><br>Civil Case No. 4-21-cv-00030-DN<br>District Court Judge David Nuffer |

**COMES NOW** Plaintiff Arlene S. Davenport and complains of Defendant The United States Postal Service, an agency of The United States of America, and Does I-X, as follows:

## PARTIES

1. At all times herein mentioned, Plaintiff Arlene S. Davenport ("Plaintiff") was and continues to be a resident of Panguitch, Garfield County, State of Utah.

2. Defendant United States Postal Service ("USPS") is an agency of the executive branch of the United States of America.

3. Does I-X are presently unidentified individuals and/or entities that through their acts or omissions may have been negligent in causing or contributing to the incident described hereinafter. Plaintiff reserves the right to name these individuals or entities as Defendants in this action if said parties exist and when their identities are discovered.

## VENUE AND JURISDICTION

4. The amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs.

5. This court has original jurisdiction pursuant to 28 U.S.C §1346(b).

6. Defendant's actions complained of occurred in Panguitch, Garfield County, State of Utah.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference the allegations contained in paragraphs 1-6 above.

8. This action is the result of the personal injury sustained by Arlene Davenport on October 5, 2018, at the Post Office in Panguitch, Utah.

9. On the subject date, Plaintiff was walking into the United States Post Office in Panguitch located at 65 North 100 West, Panguitch, Utah, when she slipped and fell on the floor.

10. On the morning of October 5, 2018, it had been raining in the hours before Plaintiff entered the Post Office.

11. At the time Plaintiff was entering the Post Office, there were no rugs, mats, or other materials to prevent people such as Plaintiff from slipping on the wet floors.

12. At the time Plaintiff was entering the Post Office, there were no cones, signs, or other warnings that the floor was wet and slippery or in an otherwise dangerous condition.

13. As Plaintiff was walking into the Post Office, she slipped and fell on the wet and muddy floor, landing on her back with her right leg forward and her left leg backwards.

14. As a result of this incident, Plaintiff suffered serious injuries.

15. After Plaintiff fell, Defendant's employee(s) brought out rugs and warning cones to place in the vicinity of where Plaintiff fell.

16. Upon information and belief, Defendants are the owners and occupiers of the property upon which Plaintiff slipped and fell.

17. Upon information and belief, Defendants were responsible to maintain the premises upon which Plaintiff fell in a reasonably safe manner, and to warn their invitees of any dangers that existed on their property.

18. A notice of the claims outlined herein was sent to Defendant on August 20, 2020, demanding settlement of Plaintiff's claims against Defendant.

19. Defendant acknowledged receipt of the notice of Plaintiff's claims via correspondence dated August 27, 2020, and Defendant further acknowledged its obligation to adjudicate the claim within six months from that date via correspondence dated September 23, 2020.

20. Defendant did not adjudicate or otherwise respond to the notice of claim within six (6) months of its submission on August 27, 2020.

## **FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(Negligence)**

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1-20 above.

22. Defendants, as owners and/or occupiers of the premises, were responsible to maintain the premises and keep them reasonably safe.

23. Defendants owed a non-delegable duty to Plaintiff to keep the premises reasonably safe and to warn Plaintiff of any dangers they knew of or should have known existed on the premises.

24. Defendants owed a duty of reasonable care to Plaintiff;

25. Defendants negligently and carelessly breached their duties care in the following respects:

   a. Defendants failed to maintain the property and negligently allowed a dangerous condition to exist, thus allowing the premise to be unsafe for use by Plaintiff and other guests;

   b. Defendants did not clear the entrance area of water and mud and other debris where Plaintiff and other guests were entering the premises;

   c. No warning signs or restrictions were placed against walking in the area where the incident occurred;

   d. Defendant did not caution or warn Plaintiff of the dangerous condition; and,

   e. Such other acts of negligence yet to be disclosed.

26. As a result of Defendants' breach of the duties of care owed to Plaintiff she was injured both physically and emotionally in an amount to be proven at trial.

## **DAMAGES**

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1-26 above.

28. As a direct and proximate result of Defendants' wrongful acts, omissions, negligence and carelessness, Plaintiff suffered severe bodily injuries, which required Plaintiff to incur past medical expenses in excess of $24,000.00 and future medical expenses in an amount to be proven at trial.

29. As a direct and proximate result of Defendants' wrongful acts, omissions, negligence and carelessness, Plaintiff suffered general damages for pain and suffering in an amount in excess of $50,000.00 to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. For general damages, including pain and suffering and loss of enjoyment of life in an amount to be proven at trial;

B. For past and future medical expenses in an amount to be proven at trial;

C. For lost earnings and loss of earning capacity in an amount to be proven at trial;

D. For costs of suit herein; and

E. For such further relief as the court deems just and proper.

DATED this 17th day of March, 2021.

ROBERT J. DEBRY & ASSOCIATES

*/s/ Jared R. Casper*

Jared R. Casper
Attorneys for Plaintiff